UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIGUEL D. MARTINEZ,

      Petitioner,

v.                                    CASE NO. 6:10-cv-1472-Orl-36KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254.  Upon consideration of the amended petition (Doc. No. 5), the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted.  Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7).  Petitioner filed a reply to the response (Doc. No. 14).

Petitioner alleges four claims for relief in his habeas petition: (1) the "judgment of sentence" was error, (2) trial counsel rendered ineffective assistance by failing to advise him about the independent act defense or request the independent act jury instruction, (3) trial counsel rendered ineffective assistance by failing to object and request the court to direct the jury to further deliberate to correct an inconsistent verdict, and (4) trial counsel

rendered ineffective assistance by failing to object to the inconsistent verdicts.  For the following reasons, the petition is granted in part and denied in part.

## I.       Procedural History

Petitioner, along with Andrew Lee Bryant, Jr. ("Bryant"), was charged by information with three counts of robbery with a firearm with a mask (counts one, three, and four), and two counts of aggravated battery with a firearm with a mask (counts two and five).  The State *nol prossed* counts four and five.  A jury trial was conducted, and Petitioner was found guilty as charged of counts one through three.  The state trial court sentenced Petitioner to concurrent fifteen-year terms of imprisonment for counts one, two, and three to be followed by concurrent ten-year terms of probation.  Petitioner appealed. On February 8, 2005, the Fifth District Court of Appeal of Florida affirmed *per curiam*. (App. C at 28.)

On May 5, 2006, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The state court denied the motion, and Petitioner appealed.  The Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.      Legal Standards

### A.       Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)       resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue

made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.   Standard for Ineffective Assistance of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

> effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## IV.    *Analysis*

### A.    *Claim One*

Petitioner asserts that "appellate counsel was ineffective for failing to raise ground one judgment of sentence; in which trial counsel reserved for appellate review, in which appellate counsel filed an *Anders* brief." (Doc. No. 5 at 5.) Respondents assert that this claim is procedurally barred from review.

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)    the applicant has exhausted the remedies available in the

5

courts of the State; or

(B)    (i)    there is an absence of available State corrective process; or

        (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 132 S. Ct.1309, 1318-19 (2012). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The Supreme Court of the United States has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

6

Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). The Supreme Court of the United States has recently held that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ."if (1) "the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland*. *Martinez*,132 S. Ct. at 1318. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say

that the prisoner must demonstrate that the claim has some merit." *Id*. Finally, to establish "prejudice" so as to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Review of the record demonstrates that Petitioner never raised a claim of ineffective assistance of appellate counsel in the state court. Furthermore, Petitioner had two years from the date the mandate issued on direct appeal to file a petition with the state appellate court raising his claims of ineffective assistance of appellate counsel. *See* Fla. R. App. P. 9.141(d)(5); *see also Melara v. State*, 997 So. 2d 1135 (Fla. 3d DCA 2008). Thus, Petitioner had until February 25, 2007, to timely file any claims of ineffective assistance of appellate counsel in the state court. As such, Petitioner is now barred from raising this claim in the state court. Therefore, absent application of an exception, this claim is procedurally barred

because it is unexhausted and would be barred if raised in the state court.

Petitioner has failed to demonstrate either cause or prejudice to overcome the procedural default. Furthermore, Petitioner has not demonstrated that he is actually innocent. The Court recognizes that the failure to raise an ineffective assistance of counsel claim in the initial-collateral proceeding may constitute cause to overcome the procedural default if the claim is substantial. However, Petitioner has never filed a state habeas petition alleging any claim of ineffective assistance of appellate counsel. Moreover, assuming *Martinez* applies to Florida habeas actions raising claims of ineffective assistance of appellate counsel, Petitioner has not demonstrated that this claim is substantial. Petitioner does not assert on what basis appellate counsel should have challenged the judgment of sentence. There is no indication in the petition or record why the judgment of sentence should have been challenged.[2] Accordingly, claim one is procedurally barred and otherwise without merit.

### B.    *Claim Two*

Petitioner contends that trial counsel rendered ineffective assistance by failing to advise him of the independent act defense and by failing to request an independent act jury instruction. In support of this claim, Petitioner maintains that the independent act defense was applicable to his case because he was charged as a principal.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief

---

[2]To the extent Petitioner may be arguing that the judgment of sentence should have been challenged based on the jury's finding that Petitioner did not wear a mask, this claim is addressed *infra* in claims three and four.

pursuant to *Strickland*. (App. D at 83.)  The state court reasoned that the independent act jury instruction was not applicable because Petitioner denied being involved in the commission of offenses. *Id*. The state court concluded, therefore, that counsel had no reason to explain the defense or request an independent act jury instruction. *Id*.

Pursuant to Florida law, the "independent act" instruction applies "when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, 'which fall outside of, and are foreign to, the common design of the original collaboration.'" *Ray v. State*, 755 So. 2d 604, 609 (Fla. 2000) (quoting *Ward v. State*, 568 So. 2d 452, 453 (Fla. 3d DCA 1990)).  In such limited circumstances, "a defendant whose cofelon exceeds the scope of the original plan is exonerated from any punishment imposed as a result of the independent act." *Id*. "Where any evidence which would support the theory of independent act has been presented, the defendant is entitled to the jury instruction." *Parker v. State*, 458 So. 2d 750, 752 (Fla. 1984).  However, "[w]hile a defendant is entitled to have the jury instructed on the law applicable to his theory of defense, an instruction is not necessary where there is no evidence to support it." *Ray*, 755 So. 2d at 608.

The state court's denial of this claim is supported by the record.  Petitioner testified at trial that he was not with Bryant at the time of any of the robberies or the aggravated battery.  Instead, Petitioner maintained that he entered Bryant's vehicle seeking a ride to someone's house after the offenses had been committed.  Thus, there was no evidence presented supporting an independent act instruction.  Furthermore, in light of the evidence

presented at trial, there was no basis for counsel to advise Petitioner of the independent act

defense or to request such an instruction.  Furthermore, a reasonable probability does not

exist that the jury would have acquitted Petitioner had counsel advised him of this defense

or had such an instruction been given in light of one of the victim's testimony that

Petitioner was driving the vehicle when she was robbed by Bryant at gunpoint.

Accordingly, claim two is denied pursuant to Section 2254(d).

### C.    Claims Three and Four

In claim three, Petitioner asserts that counsel rendered ineffective assistance by

failing to object and request the trial court to instruct the jury to further deliberate when

it returned an inconsistent verdict on count two (aggravated battery with a firearm and

with a mask).   Likewise, in claim four, Petitioner maintains that counsel rendered

ineffective assistance by failing to challenge the verdicts on the basis that they were legally

inconsistent.  In support of both claims, Petitioner argues that he was found guilty of two

counts of robbery with a firearm with a mask and aggravated battery with a firearm with

a mask, but the jury made findings that he did not possess a firearm or wear a mask.

Petitioner raised these claims in his Rule 3.850 motion.  The state court denied relief

pursuant to *Strickland*.  (App. D at 82-83.)  The state court reasoned that Petitioner was

charged as a principal and thus could be convicted of offenses committed with a firearm

by a co-defendant pursuant to Florida law.  *Id.* at 83.  The state court determined, therefore,

that the verdicts were not inconsistent and counsel had no basis to object to the convictions

based on the jury finding that Petitioner did not possess a firearm.  *Id.*  The state court,

11

however, recognized that under Florida law a defendant must personally have worn a mask in order to be convicted of a crime committed while wearing a mask. *Id.* at 83. Nevertheless, the state court concluded that Petitioner could not demonstrate he was prejudiced by counsel's failure to raise the matter because armed robbery with a firearm and aggravated battery with a firearm are first degree felonies and Petitioner was sentenced accordingly. *Id.*

Florida law provides that "if any one participant in a robbery carried a firearm during the commission of the crime, all of the participants are guilty as principals. . . ." *Jones v. State* 648 So. 2d 1210, 1211 (Fla. 4th DCA 1995); *see also McGriff v. State*, 12 So. 3d 894 (Fla. 1st DCA 2009) (recognizing that the principal instruction may be given for offense of aggravated battery with a firearm when evidence supports the instruction). In the instant case, the jury was instructed on the principal theory and the evidence established that Petitioner's co-defendant possessed a firearm during the offenses. Thus, although the jury made a finding that Petitioner did not possess a firearm, the jury was still permitted to find him guilty of the offenses based on the principal theory, which it clearly did. As such, counsel was neither deficient nor was Petitioner prejudiced by counsel's failure to object to the verdicts based on the jury's finding that Petitioner did not possess a firearm.

With respect to the jury's finding that Petitioner did not wear a mask, pursuant to Section 775.0845, Florida Statutes, "[t]he felony or misdemeanor degree of any criminal offense, . . . shall be reclassified to the next higher degree. . . if, while committing the offense, the offender was wearing a hood, mask, or other device that concealed his or her

12

identity."  Fla. Stat. § 775.0845 (2002).  However, in *Wright v. State*, 810 So. 2d 873 (Fla.

2002), the Supreme Court of Florida held that a defendant's sentence cannot be enhanced

under Section 775.0845 absent evidence establishing that the defendant personally wore a

mask.  Wearing a mask while committing an offense is a sentence enhancement, which

increases a felony in the second degree to a felony in the first degree.  *See* Fla. Stat. §

775.0845(2)(b).

Robbery with a firearm is a first-degree felony.  *See* Fla. Stat. § 812.13(2)(a).

Aggravated battery, however, is a second-degree felony, which should not be reclassified

to a first-degree felony absent a jury finding of great bodily harm and use of a firearm or

a jury finding that the defendant wore a mask.  *See* Fla. Stat. §§ 784.045(2) (classifying

aggravated battery as a second-degree felony), 775.0845(2)(b) (reclassifying a second-

degree felony to a first-degree felony if the defendant wore a mask during the offense),

775.087(1)(b) (reclassifying a second-degree felony to a first-degree felony, when during

the commission of the offense, the defendant carries, displays, uses, threatens, or attempts

to use a firearm, *unless the use of a weapon is an essential element of the offense*); *see also*

*Montgomery v. State*, 704 So. 2d 548 (Fla. 1st DCA 1997) (holding that reclassification of

second-degree felony of aggravated battery with a firearm to a first-degree felony is not

proper absent jury finding of great bodily harm); *Brady v. State*, 65 So. 3d 599 (5th DCA

2011) (same).

In the instant case, the jury found Petitioner guilty of aggravated battery, as charged

in the information.  *See* App. A at 27, 136.  The information charged Petitioner with

aggravated battery with a firearm pursuant to Section 784.045(1)(a)(2), which includes two elements, the defendant (1) intentionally touched or struck the victim against his will, and (2) during the course of the battery, the defendant used a deadly weapon. *See* App. B at 27, 272-73; *see also* Fla. Stat. § 784.045(1)(a)(2). Therefore, the use of a firearm was an essential element of the offense, and reclassification of the offense to a first-degree felony was not appropriate pursuant to Section 775.087(1)(b). *See, e.g., Moore v. State*, 616 So. 2d 168 (Fla. 4th DCA 1993) (holding that use of a firearm was an essential element of aggravated battery with a firearm and enhancement of offense to first-degree felony was error). Moreover, the jury found that Petitioner did not wear a mask during the course of the offense. Finally, the jury did not find Petitioner guilty of aggravated battery causing great bodily harm with a weapon. Thus, pursuant to Florida law, Petitioner's conviction for aggravated battery with a firearm should not have been reclassified or enhanced to a first-degree felony.

Furthermore, although Florida courts have concluded that a sentencing enhancement for wearing a mask is harmless error when the enhancement has no effect on the sentence, those courts have remanded the case to the trial court "to delete the reference to a mask and section 775.0845, Florida Statutes. . . in the sentencing documents." *Bartley v. State*, 817 So. 2d 1065, 1066 (Fla. 5th DCA 2002). Thus, had counsel objected to the verdicts on the basis of the jury's special findings on the "wearing of a mask", the trial court would have been required to delete the reference to a mask from the sentencing documents for all of the convictions. Additionally, the court would not have been

permitted to reclassify Petitioner's conviction for aggravated battery with a firearm to a first-degree felony.  Petitioner, therefore, is entitled to resentencing on the aggravated battery with a firearm conviction. *See, e.g., Montgomery*, 704 So. 2d at 551 (holding "[s]ince it is possible that Montgomery was convicted of a crime in which the use of a weapon or a firearm is an essential element of the offense, it was improper for the trial court to reclassify the second-degree felony to a first-degree felony. We therefore must reverse and remand for resentencing."). Thus, Petitioner has demonstrated both deficient performance and prejudice as a result of counsel's failure to object based on the jury's special findings that Petitioner did not wear a mask.  Accordingly, the state court's denial of claims three and four was an unreasonable application of *Strickland*, and Petitioner is entitled to habeas relief on these claims.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## V.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't. of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).  When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate

of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.   However, a  prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.     The Amended Petition for Writ of Habeas Corpus filed by Miguel D. Martinez (Doc. No. 5) is **GRANTED in part and DENIED in part**.

2.     The Court determines that claims one and two are without merit, and habeas relief is **DENIED with prejudice** with regard to these claims.

3.     The writ of habeas corpus will be conditionally **GRANTED** with regard to claims three and four, for the reasons discussed above, within **NINETY (90) DAYS** from the date of this Order, unless the State of Florida (1) modifies the sentencing documents with respect to Petitioner's convictions for robbery with a firearm with a mask and aggravated battery with a firearm with a mask to delete from the documents the references to a mask and section 775.0845, Florida Statutes, and (2) initiates a new sentencing

proceeding in the state court with respect to Petitioner's second-degree felony, aggravated battery with a firearm conviction consistent with the law.

4.     Petitioner is **DENIED** a Certificate of Appealability.

5.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 17th day of September, 2012.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 9/17
Counsel of Record
Miguel D. Martinez

17